SCHAPER MANUFACTURING CO., DIVISION OF KUSAN, INC., PLAINTIFF *v.* THE HONORABLE DONALD T. REGAN, SECRETARY OF THE TREASURY OF THE UNITED STATES, AND THE HONORABLE WILLIAM VON RAAB, COMMISSIONER OF CUSTOMS, DEFENDANTS, AND THE MILTON D. MYER COMPANY, INTERVENOR

Court No. 83-3-00333

Before BOE, *Judge.*

(Dated July 19, 1983)

*Plaia, Schaumberg & deKieffer* (*Tom M. Schaumberg* and *Alice A. Kipel* at the oral argument) for the plaintiff.

*J. Paul McGrath,* Assistant Attorney General; (*Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch and *Deborah E. Rand* at the oral argument), for the defendants.

*Buell, Blenko, Ziesenheim & Beck* (*Lynn J. Alstadt* at the oral argument), for the intervenor.

BOE, *Judge:* The plaintiff having filed a motion for modification of the preliminary injunction granted in the above-entitled action by this court under date of March 21, 1983, by:

1. Requiring the U.S. Customs Service to reduce the bond covering Customs Entry 82-807044-5 to the value of the allegedly non-piratical goods;
2. Requiring Customs to return to Schaper its bonds covering Customs Entries 83-800566-6 and 83-800602-7; and
3. Enjoining Customs from liquidating Customs Entry 82-807044-5 entered at the Port of Pittsburgh, Pennsylvania, and

The court having considered the briefs submitted by respective counsel and at oral argument held on July 18, 1983, having heard the arguments of counsel, and

The court having presented orally in open court its opinion and decision with respect to plaintiff's motion which said statement of opinion and decision is a part of the official record in this proceeding and, accordingly, is made a part hereof by this reference, and

It appearing to the satisfaction of the court that:

1. No sufficient showing has been made by the plaintiff that failure to grant the modifications sought in its motion will result in immediate irreparable injury to the plaintiff, and
2. The plaintiff has failed to show wherein the modifications sought in its motion are required to preserve the status quo of

the within action as maintained by the preliminary injunction previously granted by this court, and

3. The modifications sought by the plaintiff in its present motion and over which this court has jurisdiction, are, in fact, matters constituting the very subject of this action and, accordingly, are properly determined at such time as the within cause of action is tried on the merits.

Now THEREFORE, it is hereby

ORDERED that the motion of the plaintiff for modification of the preliminary injunction granted by this court under date of March 21, 1983, be and is hereby denied.